IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DONALD MCKEE,

      Plaintiff,

v.                              CASE NO. 1:18-cv-77-MW-GRJ

RICK SWEARINGEN,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* non-prisoner litigant, initiated this case by filing ECF No. 1, a civil rights complaint against Rick Swearingen of the Florida Department of Law Enforcement. After an initial screening of Plaintiff's *pro se* complaint, the Court determined that Plaintiff failed to state a claim upon which relief may be granted. ECF No. 4. Plaintiff then filed his first amended complaint, ECF No. 8, which is now before the Court for screening.

In his first amended complaint, which he brings against the Florida Department of Law Enforcement, Plaintiff alleges that he was convicted in 1978 of sexual battery against a 21-year-old female. Then in February 2010 Plaintiff was civilly committed to a long-term treatment center as a

"violent sexual predator." Plaintiff was eventually released from that center after he was deemed "safe to be at large in society." But despite the finding that Plaintiff is safe to be at larger in society, Defendant compelled Plaintiff to register as a sexual predator as a result of his civil commitment under Section 775.21 of the Florida Statutes. ECF No. 8 at 4–6.

Plaintiff alleges that he suffers extensively as a result of the requirement to register as a sex offender, and he says that he committed his sex crime many years prior to the registration law that "now tortures him." Plaintiff, therefore, argues that he is being subjected to an ex post factor law in violation of the U.S. Constitution. As relief, he seeks an order declaring Section 775.21 of the Florida Statutes to be an ex post facto law as applied to Plaintiff. *Id.* at 7.

"To state a claim under 42 U.S.C. § 1983, a party needs to show that it has been deprived of a right given under the Constitution or under the laws of the United States, and the deprivation was committed under color of state law." *Johnson v. Regions Mortg.*, 503 F. App'x 810, 811 (11th Cir. 2013) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). Plaintiff, however, has failed to allege any facts in his complaint to show a deprivation of any right under the Constitution or federal law.

As in his original complaint, the only right Plaintiff asserts Defendant

violated pertains to the ex post facto clause of the Constitution. Yet as the Court previously advised Plaintiff, "[t]o the extent Plaintiff asserts a violation of the Ex Post Facto Clause, that argument is foreclosed with respect to sex offender registration statutes." *Delaney v. Florida*, No. 8:11-cv-57-T-33MAP, 2011 WL 1211468, at *2 n.2 (M.D. Fla. Mar. 14, 2011) (citing *Smith v. Doe*, 538 U.S. 84 (2003)); *see also Gonzalez v. Swearingen*, No. 8:15-cv-01617-T-27MAP, 2016 WL 554585, at *3 n.3 (M.D. Fla. Feb. 10, 2016) (noting that "[a]ny purported claim Plaintiff makes that the Florida sex offender registration statutes are unconstitutional has been rejected by binding precedent in this Circuit" and citing *Smith* for the proposition that "retroactive application of sex predator registration requirements do not violate ex post facto clause").

Because Plaintiff has failed "to show that [he] has been deprived of a right given under the Constitution or under the laws of the United States," the Court finds that Plaintiff has failed to state a claim for which relief may be granted under § 1983. *See Johnson*, 503 F. App'x at 811. Moreover, because it is clear from his amended complaint that he does not have any plausible claim against Defendant, the Court finds that further amendment would be futile. The Court, therefore, finds that Plaintiff's complaint is due to be dismissed for failure to state a claim upon which relief may be

granted.

Accordingly, it is respectfully **RECOMMENDED** that:

Petitioner's amended complaint, ECF No. 8, should be **DISMISSED**, and the case should be **CLOSED.**

**IN CHAMBERS** this 22nd day of June 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**